UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VERONICA JONES, | § | |
|     *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-11-0851 |
| | § | |
| CHEVRON U.S.A., INC., | § | |
|     *Defendant*. | § | |

## MEMORANDUM AND ORDER

This employment dispute is before the court on defendant Chevron's motion to strike plaintiff's expert witnesses (Dkt. 38). Having considered the parties' submissions and the law, the motion is denied.

Defendant seeks to strike the testimony and reports of Dr. Sonia L. Simone and Dr. Larry M. Nahmias. Defendant argues that neither was timely designated as an expert; that Dr. Simone's report does not comply with Rule 26; and that Dr. Nahmias's opinion is neither relevant nor reliable and must be excluded pursuant to *Daubert v. Merrill Dow*, 509 U.S. 579 (1993).

The court's discretion whether to allow the testimony of a late-designated expert is guided by four factors: (1) the explanation for failure to identify witness; (2) importance of testimony; (3) potential prejudice in allowing testimony; and (4) availability of continuance to cure such prejudice. *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007); *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004). These factors weigh in favor of allowing the testimony of both challenged witnesses.

**1.     Dr. Simone**

Dr. Simone has treated Jones since 2009. She was not retained or specially employed to provide expert testimony in this case. Thus, she is not a witness who must prepare an expert report. FED. R. CIV. P. 26(a)(2)(B).

Rule 26 does require Jones to timely disclose the subject matter of Dr. Simone's testimony and a summary of the facts and opinions on which she is expected to testify. FED. R. CIV. P. 26(a)(2)(C) and (D). The expert designation deadline was October 14, 2011 (Dkt. 14). Plaintiff identified Dr. Simone as a treating physician in her October 3, 2011 answers to interrogatories.

The interrogatory answer informed defendants that Dr. Simone treated plaintiff for depression and emotional stress and provided Dr. Simone's contact information. Jones produced a HIPPA Authorization form and a one page letter dated August 16, 2010 from Dr. Simone summarizing, albeit very briefly, the nature of her treatment of plaintiff. In February 2012, plaintiff expressly informed defendants that she expected Dr. Simone to testify about plaintiff's "severe depression as a result of her perceptions and the actions of her employer." While not dispositive of any issue, Dr. Simone's diagnosis and treatment of Jones since 2009 is certainly important to an assessment of Jones's alleged damages.

The discovery deadline in this case was initially April 30, 2012 and was ultimately extended until October 5, 2012. Despite knowing about Dr. Simone and Jones's intentions

to call her to testify months before the close of discovery, defendant chose not to depose her. The motion to exclude Dr. Simone's testimony is denied.

### 2. Dr. Nahmias.

*Rule 26.* Dr. Nahmias is also not a retained expert required to prepare a report under Rule 26. Dr. Nahmias was hired in December 2011 by a disability plan administrator (The Reed Group) to perform an independent medical examination in connection with Jones's claim for long term disability due to a job related injury she suffered in June 2011. Dr. Nahmias's examination took place on December 15, 2011, about two months after Jones's expert designation deadline. He issued a report on December 26, 2011, which Jones provided to defendant on January 25, 2012. Clearly, Jones has a good explanation for not designating Dr. Nahmias by the expert designation deadline. Moreover, she complied with her Rule 26(a)(2)(E) duty to supplement her disclosure in a timely manner.

As with Dr. Simone, Chevron had Dr. Nahmias's report and notice that Jones intended to use it, well before the close of discovery. Chevron was not prejudiced in its ability to bring a *Daubert* motion, and in fact has done so. The motion to exclude Dr. Nahmias for failure to comply with Rule 26 is denied.

*Daubert.* While Dr. Nahmias's examination primarily focused on the impact of Jones's physical limitations on her depression, it is not irrelevant. Jones's psychological state

is directly at issue. Dr. Nahmias's testimony can assist the jury in understanding the extent of, and all the factors impacting, Jones's psychological state.

Chevron's argument that Dr. Nahmias's testimony is unreliable because he was hired after the initiation of litigation and is likely biased in favor of Jones is unfounded. Jones did not hire Dr. Nahmias.

Chevron's argument that Dr. Nahmias's testimony is unreliable because he did not differentiate between all possible causes of Jones's depression is insufficient grounds for striking his testimony. In response to this motion, Jones says that Nahmias concluded "she was totally temporarily disabled as a result of depression and anxiety caused by perception of the way Defendant treated her." Dkt. 49 at 4. But this is misleading.

Dr. Nahmias's report details information reported to him by Jones, including that she was being treated for work stress and that for years she has been depressed due to her work load. Dkt. 38-2 at 17. But the report actually concludes only that Jones is "temporarily disabled due to her severe depressive symptoms in combination with her pain disorder due to psychological factors." Dkt. 38-2 at 23. As to the cause of her disability, Dr, Nahmias states:

> After reviewing the records, I do not find a medical cause for her multiple symptoms. The most probable cause is psychiatric, based upon her pre-existing history of trauma, limited capacity to manage stress for long periods, perceived neglect and humiliation from her supervisor, feelings of mistrust and betrayal from her employer and stressors regarding her autistic child.

4

Dkt. 38-2 at 23.  The report does not purport to give a definitive opinion regarding the cause of Jones's psychiatric condition, and in fact notes several possible contributing factors.  The court will allow Dr. Nahmias's to testify, but his trial testimony will be limited to the opinions and conclusions actually expressed in his report.  With that caveat, the motion to exclude Dr. Nahmias's testimony is denied.[1]

      Signed at Houston, Texas on December 20, 2012.

Stephen Wm Smith
United States Magistrate Judge

---

[1] Jones's counter-motion for the production of personnel files was resolved by this court's November 1, 2012 Order (Dkt. 37) and is moot.